UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Nicholas Suhy,
          Debtor.
_____/

Case No. 06-53930
Chapter 7
Hon. Phillip J. Shefferly

Nicholas Suhy,

          Plaintiff,

v.

Adv. Pro. No. 07-04017

Educational Loan Servicing Corp.,
Sallie Mae, Wells Fargo Bank,
American Education Servicing,
The Education Resources Institute.

          Defendants.
_____/

## **OPINION DENYING DEMAND FOR JURY TRIAL**

### I. Introduction

This matter is before the Court upon a complaint and jury demand filed by the Debtor, Nicholas Suhy, against Educational Loan Servicing Corporation ("ELCS"), Sallie Mae Education Credit Finance Corporation ("Sallie Mae'), Wells Fargo Bank ("Wells Fargo"), American Education Servicing ("AES"), and the Education Resources Institute ("TERI"). The Debtor demands a jury trial to determine the dischargeability of student loan debts under Section 523(a)(8) of the Bankruptcy Code. For the reasons that follow, this Court finds that the Debtor has no right to a jury trial.

### II. Facts

The Debtor filed a voluntary petition under Chapter 7 on September 29, 2006. The Debtor

listed student loan obligations owed to Defendants as unsecured, nonpriority claims in the following amounts: (1) AES, $21,495.07; (2) ELCS, $26,158.22; (3) Sallie Mae, $74,258.99; and (4) Wells Fargo, $37,328.96. On January 9, 2007, the Debtor was granted a discharge under § 727.

On January 7, 2007, the Debtor filed this adversary proceeding alleging that he is unable to make the minimum payment on each of the student loan debts, despite the discharge of his other unsecured debts.[1] Specifically, the Debtor avers that the monthly payments due to Defendants total $1,641.57, which represents slightly more than half of the Debtor's net income of $3,184.35, derived from his employment at Compuware. Moreover, the Debtor states that there is no substantial likelihood of an increase in his income, enabling him to improve his financial condition and repay the debts in question. As a result, the Debtor alleges that if he is required to repay his loan obligations he would not be able to maintain a minimal standard of living, which constitutes an undue hardship on the Debtor and his two dependent children and spouse.[2]

---

[1] On June 19, 2007, the Court entered an order dismissing ELCS and Wells Fargo as defendants. Subsequently, the Debtor and AES filed a stipulation dismissing AES as a defendant and adding TERI as a co-defendant in place of AES (Docket ##20, 21), thereby leaving Sallie Mae and TERI as the remaining Defendants in this adversary proceeding.

[2] Although not expressly cited by the Debtor in the complaint, in light of the allegations made in the complaint, it appears that the Debtor is proceeding under § 523(a)(8), which provides in relevant part that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>     . . . .
>   (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for-
>
>   (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in

On January 7, 2007, the Debtor also filed a demand for a jury trial. After conferring with the parties at a pretrial conference held on October 15, 2007, the Court established a deadline of November 9, 2007, for the parties to file a memorandum of law on the issue of whether the Debtor is entitled to a jury trial in this adversary proceeding. Sallie Mae timely filed a memorandum of law arguing that the Debtor is not entitled to a jury trial in a dischargeability proceeding, as established by Sixth Circuit precedent. The Debtor did not file a memorandum of law or provide any authority in support of his demand for a jury trial.

## II. Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## III. Discussion

The question of whether a debtor has a Seventh Amendment right to a jury trial in a dischargeability proceeding brought under § 523, has largely been settled. The Seventh Amendment sanctions jury trials in legal, not equitable, proceedings. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). The Supreme Court in Granfinanciera conducted a two-part analysis to determine the legal or equitable nature of a claim. First, the claim is compared to 18th-century actions to establish whether the cause of action, had it existed at the time, would have been tried in the English courts of law. Second, the remedy is examined to determine its legal or equitable character. Id. at 42; Tull

---

    whole or in part by a governmental unit or nonprofit institution; or
     (ii) an obligation to repay funds received as an educational benefit,
       scholarship, or stipend; or

  (B) any other educational loan that is a qualified educational loan, as
defined in section 221(d)(1) of the Internal Revenue Code of 1986,
incurred by a debtor who is an individual.

v. United States, 481 U.S. 412, 417-418 (1987). Greater weight is given to the latter of this two-part analysis. Granfinanciera, 492 U.S. at 42.

The Sixth Circuit Court of Appeals has applied the Supreme Court's analysis to dischargeability proceedings holding that a debtor who filed an action to determine the dischargeability of certain obligations under § 523(a)(2), had no right to a jury trial. In re McLaren, 3 F.3d 958 (6th Cir. 1993). In McLaren, the Sixth Circuit relied on the Seventh Circuit's opinion in N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496 (7th Cir. 1991). In support of its conclusion that the debtor had no right to a jury trial on a dischargeability claim, the Seventh Circuit reasoned:

> First, application of the two-part test set forth in Granfinanciera reveals that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial. . . . [A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to a merger of law and equity. . . . [Second,] [t]he relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or non-dischargeable.

In re Hallahan, 936 F.2d at 1505 (citations omitted).

This adversary proceeding involves a determination by this Court of whether the Debtor's student loan obligations are non-dischargeable under § 523(a)(8). Pursuant to the holdings in McLaren and Hallahan, and the Supreme Court's analysis in Granfinanciera, discharge is an equitable remedy. Thus, the Court finds that no Seventh Amendment entitlement to a jury trial arises in this case. In re McLaren, 3 F.3d at 961.

IV. Conclusion

For the reasons set forth in this opinion, the Court denies the Debtor's demand for a jury trial. The Court will enter a separate order denying the Debtor's demand for a jury trial and setting this

adversary proceeding for a bench trial.

**Not for publication**

**Signed on December 19, 2007**

                                                **/s/ Phillip J. Shefferly**
                                                **Phillip J. Shefferly**
                                                **United States Bankruptcy Judge**